80

Dr. Frank Isca
vs.
Providence Journal
Company
⎫
⎬ No. 40263
⎭

RESCRIPT

January 18, 1918

TANNER, P. J. This is an action for libel and is heard upon the demurrer of the defendant to the four counts of the declaration.

The last three counts of the declaration charge in substance that the Acting Austrian-Hungarian Ambassador at Washington has decided to continue to pay a monthly subvention of $200 to the weekly "Vesmir" and requests the Imperial Royal Consulate General at Chicago to hand a check for $800 to the plaintiff as a

further subvention for four months.

The further allegation of the publication is that this discloses the Ambassador in the role of subsidist for foreign language newspapers, which in return for this subsidy are expected to attack the very government to which the Ambassador is credited.

We think the natural meaning to the ordinary reader of thus alleging that the plaintiff had been receiving a monthly subvention and was to continue to receive such subvention in return for which he was expected to attack the government would be that the plaintiff was selling his influence for money.

The allegation that the plaintiff was expected to attack the government in return for this subsidy is an allegation that he was expected to attack it because of the subsidy, and we think the ordinary reader would understand the fact that the monthly subvention had already been paid and was to be continued for four months, that the subsidizer was receiving the return for his money which he expected. We think also the ordinary hearer would, or might well understand that the plaintiff knew what was expected of him and was fulfilling the expectation.

"The effect and tendency of the language used, not its form, are the criterion by which to determine the actionable quality of the words. It is immaterial that the words used concerning the plaintiff are indefinite and uncertain in their meaning if on the whole they are defamatory and were so intended and understood, for, as has been justly remarked, calumny may be as effectually conveyed in artful allusions to collateral matter and oblique insinuations as by the most explicit assertions; and it is well settled that in actions of libel and slander it is permissible to aver and prove that words which have a covert meaning were intended to defame and were understood in a defamatory

sense by those who heard or read them."

18th Am. & Eng. Enc'y of Law, 2nd ed., p. 969, Sec. 10.

"A newspaper, as to its editorials, is, in the main, read, because its readers are in accord with its general sentiments, and desire to be able to place confidence in its general course. They have a right to presume that if a radical change occur, the change will be from conviction, and that fair-dealing will suggest that due notice thereof be given, to the end that they may, if they choose, cease to remain such. If readers of newspapers are at all honest in their own sentiments, proprietors of newspapers owe to them the duty of being sincere. It would not be sincere to do that which is charged in the article set out in the complaint. The tendency of the course charged would be to lessen the confidence of readers, and thus to diminish their number, or change them as to character—in either event, it might expose the proprietors to loss. We cannot say that it would not expose the proprietors of a newspaper to the hatred, contempt, ridicule and obloquy of its readers, or would not injure them in their occupation, to accuse them of acts having a tendency to lessen the confidence of its readers, or to lessen the number of its patrons. On the contrary, we think it would have that effect."

Fitch vs. De Young, 66 Cal. 399.

The first count, probably by error, in quoting the language complained of leaves out the very important words, "in return for their" occurring in the phrase, "which in return for their subsidy are expected to attack." The omission of these words renders the first count demurrable in our opinion.

Demurrer sustained as to the first count and overruled as to the last three counts.

For plaintiff: Washington R. Prescott.

For defendant: Gardner, Pirce & Thornley.